## STATE v. HAINES.

1. A point not ruled upon in the court below is not properly before this court for review.
2. An indictment for obtaining goods under false pretences should charge that the defendant made the false pretences, at the time knowing them to be false; except, it may be, in cases where the very nature of the misrepresentation implies that the party who made it must have known it to be false.
3. A false pretence is such a fraudulent representation of an existing or past fact, by one who knows it not to be true, as is adapted to induce the person to whom it is made to part with something of value. A mere promise to do something in the future, as, for example, to pay for goods at a future time, even if false, is not such a pretence as would come within the terms of the statute.
4. A person obtaining advances from a factor under a statement that he is then planting cotton, and under a promise to ship his cotton, when made, to such factor, cannot be convicted of obtaining goods under false pretences, unless he was not at that time planting cotton.
5. An indictment that charges defendant with obtaining goods from the prosecutor under the false pretence that he was then engaged in planting cotton, and would ship his cotton when made to the prosecutor, alleges only one false pretence.

Before ALDRICH, J., Charleston, February, 1885.

The opinion fully states the case.

*Messrs. Lee & Bowen*, for appellant.

*Mr. Solicitor Jervey*, contra.

June 24, 1885.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   The indictment in this case charged the defendant with having obtained from the prosecutor certain

---

[1] This is the last of the cases of November Term, 1884.—REPORTER.

goods "by certain false pretences and representations, that is to say, by falsely pretending and representing unto the said Theodore G. Snowden that he, the said R. Willis Haines, was, at that time, engaged in planting cotton, and for such advances would consign his crop to Theodore G. Snowden, and would in the autumn following send and ship to the said Theodore G. Snowden the cotton crop which he falsely pretended to be cultivating; whereas, in truth and in fact, the said R. Willis Haines was not then and there engaged in planting cotton, and had no cotton crop during the said year of our Lord one thousand eight hundred and eighty-two, with intent to cheat and defraud the said Theodore G. Snowden against the form of the statute," &c.

The evidence on the part of the prosecution tended to show that in April, 1882, the defendant bought from the prosecutor corn to the amount of $54.86, on which he paid $25 in cash, and obtained credit for the balance until the fall, under the representation that he was planting cotton, and would send to the prosecutor his crop.    There was also some evidence adduced on the part of the prosecution for the purpose of showing that the defendant planted no cotton during that year, that none was sent to the prosecutor, and that the balance due on the account had never been paid.    The defendant adduced evidence tending to show that he did plant cotton in 1882, that he had paid the balance of the account with the exception of some few cents, and that the reason why he did not send his cotton to the prosecutor as he had promised to do was that he had paid very nearly all the balance due him, and as he had heard that the prosecutor was in a precarious condition, financially, he was afraid to send him his cotton, as he had agreed and intended to do.

The defendant requested the Circuit Judge to charge the jury, "That in order to convict, the jury must be satisfied from the evidence that the defendant did not plant any cotton during the year 1882; and that the State having alleged that the defendant did not plant cotton during the year 1882, should prove the same to the satisfaction of the jury, or the defendant should be acquitted."    The solicitor requested that the jury should be instructed as follows:  "There may be one or more false pretences charged in an indictment, and the proof of either is sufficient.  In

this case it is submitted that two pretences are alleged." The jury were charged as follows : "The solicitor has correctly stated the legal points, by which you are to be governed in this case. * * * Either there has been false swearing on the part of Mr. Snowden, or there has been false swearing on the part of the defendant. The defendant swears positively that he paid the $28, and that he still owes him some cents. Mr. Snowden very positively denies that, and says that the defendant did no such thing. * * * That is the whole case, and as you determine the falsity or truth of the evidence, so will be your verdict. The defendant says that the reason he did not send the cotton to Mr. Snowden was because he had paid him up the $28. But if he promised to send him the cotton, and has not paid him, as stated by Mr. Snowden, then he has deceived him. I cannot undertake to intimate or decide where the truth lies. That is your province, and as you decide that question, so will be your verdict."

The defendant having been convicted, appeals upon the following grounds : "I. Because the indictment was fatally defective in not alleging that the defendant knew, at the time he obtained the goods, that the statement upon which he obtained them was false. II. Because defendant's alleged agreement to ship and consign his cotton to T. G. Snowden, the prosecuting witness, in the autumn of 1882, was a promise and not a pretence, and, therefore, not indictable, though not kept, or meant to be kept, at the time it was made, and his honor erred in not so holding. III. Because the false pretence, as alleged in the indictment, was the avowal of the defendant, that he was planting cotton near Oakley, in the County of Berkeley, during that year (1882), which avowal the indictment alleged to have been false, and further alleged that in truth and in fact said defendant was not planting, and did not plant any cotton during the year 1882; all of which averments in the indictment were material, and should have been sustained by proof, and his honor erred in not so holding. IV. Because his honor's charge to the jury, that the indictment alleged two false pretences, was incorrect and misleading."

The question raised by the first ground of appeal is not properly before us, inasmuch as there does not appear to have been any ruling by the court below upon that point, and there is,

therefore, nothing for us to review.  The Circuit Judge was not asked to decide, and did not decide, anything as to the sufficiency of the indictment.  We may say, however, for the purpose of avoiding any misconception, that inasmuch as the gist of the offence charged in this indictment is the obtaining the goods of another by false pretences, with the intent to deceive, it would be better pleading to charge that the defendant made the false pretences, knowing at the time that they were false.  For it may well be that a person may, most innocently and with perfect good faith, make representations which prove to be false in fact, in which case there would be an absence of any criminal intent; but if the representations are not only false, but known to be so by the person who makes them, then the intent to deceive would necessarily be inferred.  It may be that there are cases, and perhaps this is one, in which the very nature of the representation is such as to imply that if false it must necessarily be known to the party who makes it.  If it was not true, in point of fact, that the defendant planted cotton in 1882, it would seem that this must necessarily have been known to the defendant at the time he made such representation, and, therefore, even if the question had been properly made in this case, we are not prepared to say that it would have availed the defendant.

The second and third grounds of appeal may be considered together.  The best definition of the offence charged in this indictment is that given by Bishop (2 *Crim. Law*, § 415) in the following words: "A false pretence is such a fraudulent representation of an existing or past fact by one who knows it not to be true, as is adapted to induce the person to whom it is made to part with something of value."  It follows from this that a mere promise to do something in the future, as for example, to pay for goods at a future time, even if false, is not such a pretence as would come within the terms of the statute.  2 *Bish. Cr. L.*, §§ 419, 420.  It is true, that the combination of a false promise with the false representation of an existing or past fact will not take the case out of the statute, but it is not the false promise which constitutes the offence, but the false representation with which the promise may be connected.  Hence, unless there is a false representation, upon which the false promise is based, there

can be no conviction, for the false promise alone involves no criminal consequences. As is said in 2 *Bish. Cr. L.*, § 424, "though there is a promise connected with the pretence of an existing fact, this promise does not take the case out of the statute. It is, as to the criminal consequences, a mere nullity. If there is a sufficient pretence of a false existing or past fact, the consequence attached to it by law is not overthrown by the promise; if there is not a sufficient pretence of this sort, the promise does not supply the defect." It may be that the promise constitutes the principal motive of the prosecutor to part with his goods, but unless such promise is connected with or based upon a false representation of an existing or past fact, the case does not fall within the statute. These principles are, we think, fully sustained by the cases cited by the distinguished author from whom we have quoted, and are not in conflict with the authorities relied upon by the solicitor.

Looking at this case in the light of these principles, we think it clear that the Circuit Judge erred in refusing to charge the jury that in order to convict the defendant they must be satisfied from the evidence that the defendant did not plant any cotton during the year 1882. That was the only false representation of an existing or past fact alleged in the indictment, and until that was proved the defendant could not be convicted, even though it should have been proved to a demonstration that the defendant had failed to keep his promise to send his cotton to the prosecutor. Indeed, the Circuit Judge, in his charge to the jury, made the case turn entirely upon the question whether the balance due the prosecutor by the defendant had been paid, wholly ignoring the fundamental inquiry whether the goods had been obtained by a false representation of an existing or past fact, coupled with a promise to pay for them by sending the cotton in the fall.

We think, also, that the Circuit Judge, in adopting the suggestion of the solicitor, that there were two false pretences charged in the indictment, may well have misled the jury into the belief that it mattered not whether the allegation that the defendant planted no cotton in the year 1882, was sustained by the evidence, and that if the defendant failed to pay as he had

promised, he still might be convicted.   There was in fact but one false pretense alleged in the indictment, that the defendant was engaged in planting cotton, though such pretense was connected with, and formed the basis of, the promise alleged to ship the cotton to the prosecutor in the fall.   While, therefore, it might be true, as a general proposition, that several false pretences may be alleged in one indictment, and the proof of any one of them will be sufficient, yet this does not apply to the present case and its statement to the jury under the testimony in the case was well calculated to mislead them.   The testimony as to the material inquiry in the case, viz., whether the defendant's representation that he was planting cotton was true or false, was not only conflicting, but the testimony on the part of the State was only negative, while that from several witnesses on the part of the defence was of the most positive character.   The jury might, under the instructions given them, very well have concluded that even if the version given by the witnesses for the defence was true, yet if the defendant had failed to keep his promise, he might be convicted.

The judgment of this court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.